```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
UNITED STATES OF AMERICA          :
                                                          S1   10 Cr. 798 (PAC)
     -against-                              :
                                                          ORDER
AMAURY LOPEZ, JR., et al.,          :

           Defendants.                    :
------------------------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 16 AUG 2011

HONORABLE PAUL A. CROTTY, United States District Judge:

Fabio Morel moves[1]:

 (1) to suppress any statements made after he received his Miranda warning;

 (2) to suppress $60,000 in U.S. Currency seized during a warrantless search of a car in which Morel was a passenger; and

 (3) to require immediate notice of any prior bad act evidence the Government intends to use at trial.

The Government submits that there are no statements subsequent to Miranda warnings. There is nothing to suppress, and so this phase of the motion is denied.

As to the bad acts, the Government will give notice two weeks before the trial, which is scheduled for September 12, 2011. This is sufficient, and the defendants' motion is denied as moot.

---

[1] Morel moved to suppress on July 11, 2011. The Government responded on July 29, 2011. Morel did not submit a reply memorandum of law. On July 11, 2011, Amaury Lopez Sr. joined in the motion insofar as it pertained to him. Nothing in Morel's motion pertains to Lopez Sr. In any event, in light of the disposition of Morel's motion, Lopez Sr.'s motion is also denied.

With respect to the suppression of the $60,000 in U.S. Currency seized in a car driven by co-defendant Amaury Lopez, Jr., in which Morel was a passenger, the stop and search were lawful and there is no need for a hearing. This phase of the motion is denied, as well.

## DISCUSSION REGARDING SUPPRESSION

Various narcotics enforcement investigators had accumulated information concerning narcotics trafficking and related money laundering, centered on a particular building in the Bronx. On a particular day, the investigators observed a person arrive at the building with a bag which appeared to be light. The person went into the building, and when he came out, the bag appeared to be heavier. That person placed the bag in the back of a vehicle driven by Lopez Jr., and in which Morel was a passenger. The vehicle then left from in front of the building. The investigators had previously observed similar conduct, which they knew or reasonably believed to involve narcotics transactions.

At this point, the investigators had specific, articulable facts, together with rational inferences from those facts, to warrant suspicion. This justified the investigators making a stop of the vehicle Lopez Jr. was driving. The investigators stopped the car in Yonkers.

When the vehicle was stopped; the investigators told Lopez Jr. that his vehicle matched the description of a vehicle used in a robbery in which guns were used. Lopez Jr. said he did not have any guns and gave a verbal consent to search the vehicle. The investigators found the bag, opened it, and found the U.S. Currency. Lopez Jr. said he had no knowledge about the bag or its contents; and the bag was not his.

The Court finds that the stop and subsequent search was lawful. See U.S. v. Polanco, 10 Cr. 627 (RPP) 2011 WL240140 at *9 (S.D.N.Y. Jan. 19, 2011). Even if the stop and search was

not lawful, Morel has no standing to object. Morel was a passenger, and as such, he has no standing. See U.S. v. Paulino, 850 F.2d 93 (2d Cir. 1988).

Morel's affidavit does not raise any issues requiring an evidentiary hearing. Morel mentions that the "car was being driven in a lawful manner . . . . the vehicle was properly registered and in good repair. There was nothing about the vehicle or the way it was being operated that violated any law of the State of New York." (Morel Affidavit of July 10, 2011, ¶ 2). Morel may be entirely accurate, but the contention is completely irrelevant as the operation and condition of the vehicle was not the basis for the stop. Morel maintains that he was never asked by the investigators to permit a search, and he never consented to a search. (Id. at 4). That, too, is irrelevant as passenger consent is not required, especially when the driver has, in fact, consented.

Dated: New York, New York
       August 16, 2011

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

3